UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DIANE TANGUIS,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-2583** |
| **CRACKER BARREL OLD<br>COUNTRY STORE, INC.,**<br>    **Defendant** | **SECTION: "E" (5)** |

## ORDER AND REASONS

On August 9, 2022, Defendant Cracker Barrel Old Country Store, Inc. ("Cracker Barrel") removed this case from the 21st Judicial District Court for the Parish of Tangipahoa in the State of Louisiana.[1] Cracker Barrel asserted this Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.[2]

Concerned with whether the necessary amount in controversy was met, the Court ordered Defendant to provide "summary judgment-type evidence" demonstrating the amount in controversy in this matter exceeds $75,000.[3] On August 29, 2022, Plaintiff filed a stipulation wherein she agreed to waive all damages to which she may be entitled against Defendant that exceed $75,000, and that "in the event an award greater than $75,000.00, exclusive of interest and costs, is made in her favor by any Court or other authority at any time, she will not seek or accept – and expressly and affirmatively renounces the right to accept – any amount in excess of $75,000.00."[4] The Court finds Plaintiff' stipulation is sufficient to demonstrate that it is a "legal certainty" Plaintiff will not be able to recover damages beyond the jurisdictional amount. For the reasons that

---

[1] R. Doc. 1.
[2] *Id.* at p. 2.
[3] R. Doc. 4.
[4] R. Doc. 12 at pp. 1-2.

1

follow, this action is hereby remanded to the Twenty-First Judicial District Court for the Parish of Tangipahoa.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this suit on February 22, 2022, in the Twenty-First Judicial District Court for the Parish of Tangipahoa.[5] Plaintiff alleges she suffered injuries on March 24, 2021, when she tripped over a cord in Defendant Cracker Barrel's restaurant.[6] In her original petition, Plaintiff did not specify the amount of damages she claimed.[7] The petition states that as a result of a fall that occurred on March 24, 2021, Plaintiff "sustained serious injuries, which required prompt and ongoing medical treatment, and suffered excruciating pain and suffering."[8] Plaintiff alleges she is entitled to recover money damages including (a) "Pain and suffering in the past, present, and future," (b) "Mental anguish in the past, present, and future," (c) "Physical disfigurement in the past, present, and future," (d) "Medical expenses in the past, present, and future," (e) "Lost wages and loss of future earning capacity," (f) "Property damage," and (g) "Pre-judgment and post-judgment interest."[9] The petition does not otherwise allege any facts to help the Court determine the amount in controversy.

On August 9, 2022, Defendant removed this case to federal court.[10] In its notice of removal, Defendant presented only an interrogatory response from Plaintiff stating that

---

[5] R. Doc. 1-1.
[6] *Id.* at p. 2.
[7] *Id.* at pp. 1-4.
[8] *Id.* at p. 2.
[9] *Id.* at p. 3.
[10] R. Doc. 1.

2

her claim exceeds $75,000.00.[11] Defendant provided no additional support that the amount in controversy requirement is met.[12]

On August 10, 2022, the Court ordered that Defendant provide additional evidence demonstrating that the amount in controversy is met.[13] On August 22, 2022, the Court held a telephone status conference to discuss the amount in controversy further.[14]

## **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the United States Constitution or by Congress.[15] Therefore, the Court has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[16] Federal law allows for state civil suits to be removed to federal courts in certain instances. Generally, removal jurisdiction is governed by 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by [an] Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.[17]

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[18] When removal is based on federal diversity jurisdiction, the removing party must show that (1) complete diversity of citizenship exists between

---

[11] R. Doc. 1 at p. 2.
[12] *See Ingram v. Global Hawk Ins. Co.*, No. 2:14-cv-0777, 2014 WL 2739459, at *4-5 (E.D. La. June 17, 2014); *Williams v. Progressive Specialty Ins. Co., et al.*, No. 17-6111, 2017 WL 3263085, at *4-5 (E.D. La. Aug. 1, 2017).
[13] R. Doc. 4.
[14] R. Doc. 11.
[15] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[16] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).
[17] 28 U.S.C. § 1441(a).
[18] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

3

the parties, and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs[19] "The jurisdictional facts supporting removal are examined as of the time of removal."[20] "Ambiguities are construed against removal and in favor of remand because removal statutes are to be strictly construed."[21]

## LAW AND ANALYSIS

The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to 1332(a)(1)."[22] Because Louisiana law prohibits state-court plaintiffs from claiming a specific amount of damages,[23] the removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the $75,000.00 jurisdictional amount at the time of removal.[24] The removing defendant may meet its burden in one of two ways, either (1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the $75,000.00 jurisdictional threshold, or (2) by offering "summary-judgment type evidence" of facts in controversy, which support a finding that the requisite amount is in controversy.[25]

Even if the removing defendant meets its burden in either of these ways, a plaintiff can defeat removal by showing, to a legal certainty, that its recovery will be less than

---

[19] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).
[20] *Poche v. Eagle, Inc.*, No. 15-5436, 2015 WL 7015575, at *2 (E.D. La. Nov. 10, 2015) (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)).
[21] *Poche*, 2015 WL 7015575, at *2 (citing *Manguno*, 276 F.3d at 723).
[22] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). *See also Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[23] *See* LA. CODE CIV. PROC. Art. 893.
[24] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett*, 171 F.3d at 298.
[25] *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003). *See also Simon*, 193 F.3d at 850; *Luckett*, 171 F.3d at 298.

$75,000.00.[26] A plaintiff's post-removal affidavit or stipulation offered for this purpose may be considered in limited circumstances. If the amount in controversy is not facially apparent from the allegations in the state court petition and, in fact, is ambiguous at the time of removal, the court may consider a post-removal affidavit or stipulation to assess the amount in controversy as of the date of removal.[27] If, on the other hand, the amount in controversy is clear from the face of the state court petition, post-removal affidavits or stipulations that purport to reduce the amount of damages a plaintiff seeks cannot deprive the court of jurisdiction.[28]

Looking to the pleadings, the Court finds that, at the time of removal, the amount in controversy in this case was ambiguous. Because the amount in controversy was ambiguous at the time of removal, the Court may consider a post-removal affidavit or stipulation. A plaintiff's stipulation regarding the amount in controversy is binding "if, within that stipulation, [he] expressly renounced [his] right to recover in excess of $75,000.00 in the event [she were] awarded above that amount in state court."[29] In this

---

[26] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995). *See also Sterns v. Scottsdale Ins. Co.*, No. 09-6449, 2010 WL 2733771, at *3 (E.D. La. July 8, 2010).

[27] *Gebbia*, 233 F.3d 880, 883 (5th Cir. 2000); *Associacion Nacional de Pescadores v. Dow Quimica de Columbia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (When the affidavit "clarify[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is proper.). *See also Cummings v. Winn-Dixie Montgomery, LLC*, No. 15-195-SDD-RLB, 2015 WL 4772185 (M.D. La. Aug. 12, 2015); *Nelson v. Nationwide Mut. Ins. Co.*, 192 F. Supp. 2d 617, 619 (E.D. La. 2001) ("[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction.").

[28] *Gebbia*, 233 F.3d at 883.

[29] *McGlynn v. Huston,* 693 F. Supp. 2d 585, 593 (M.D. La. 2010). *See also Cummings*, 2015 WL 4772185, at *4; *Guidry v. Murphy Oil USA, Inc.*, No. 12-559-SDD-RLB, 2013 WL 4542433, at *7 (M.D. La. Aug. 27, 2013); *Printworks, Inc. v. Dorn. Co., Inc.*, 869 F. Supp. 436, 440 (E.D. La. 1994) (stipulations which "fall short of stipulating that the claimant will not seek more than the jurisdictional amount" are not binding). *See also Latiolais v. Union Pacific R. Co.*, No. 6:14-2582, 2014 WL 6455595, at *2 (W.D. La. Nov. 12, 2014); *Smith v. State Farm Mut. Aut. Ins. Co.*, No. 09-6522, 2010 WL 3070399, at *2 (E.D. La. Aug. 3, 2010) ("Ambiguity over the amount in controversy was created by the pre-removal petition's allegation that the claims would likely exceed that amount. Through binding affirmative post-removal affidavits attached to the second remand motion, plaintiffs have met their burden of clarifying with legal certainty that their claims at the date of filing in state court are for less than the diversity jurisdictional amount. Therefore, remand is warranted.").

5

case, Plaintiff has (1) expressly stipulated that the amount in controversy does not exceed $75,000.00 for either Plaintiff, (2) waived any damages over $75,000.00, and (3) agreed to not enforce a judgment in which more than $75,000.00 is awarded.[30] As a result, the Court finds it is without jurisdiction to hear this matter. Remand is warranted.

## CONCLUSION

For the foregoing reasons;

**IT IS ORDERED** that this case is hereby **REMANDED** to the Twenty-First Judicial District for the Parish of Tangipahoa.

**New Orleans, Louisiana, this 30th day of August, 2022.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[30] *See* R. Doc. 12.